UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TIMOTHY CHUDLEY, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:18-CV-172-TAV-HBG<br>3:14-CR-17-TAV-HBG-2 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

Petitioner Timothy Chudley has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 1]. The government has responded in opposition [Doc. 12]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[1] and the motion will be **DENIED**.

**I.  Background[2]**

Petitioner worked at a Burger King which he planned to rob with his friend [Doc. 12 p. 2]. On the day of the robbery, Petitioner opened the door of the restaurant, and the friend entered, hit Petitioner on the head, pointed an airsoft gun at the employees, and demanded

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[2] Citations in this section refer to the criminal case, 3:14-CR-17-2.

money [*Id.* p. 2]. The friend stole the money and left the building [*Id.*]. Petitioner was thereafter indicted for and pled guilty to aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 [Docs. 9, 12]. His plea agreement waives the right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255" except that Petitioner retained the right to bring "claims of ineffective assistance of counsel" [Doc. 12 pp. 6–7]. Petitioner additionally waived the right to file a direct appeal, retaining the right to appeal a sentence above the guidelines range or above any mandatory minimum, whichever was greater. *Id*. The Presentence Investigation Report classified him as a career offender, and Petitioner did not object [Docs. 41, 43]. Petitioner was sentenced to 105 months' imprisonment [Doc. 117].

Petitioner did not file a direct appeal but filed a timely § 2255 motion which this Court allowed him to voluntarily dismiss without prejudice [Docs. 156, 171]. Petitioner then filed the present § 2255 motion [Doc. 174].

## II. Analysis

Petitioner raises two arguments, alleging ineffective assistance of counsel for failure to file a direct appeal and stating his predicate offenses were not crimes of violence, so he no longer qualifies as a career offender [Doc. 1 pp. 7, 10, 12]. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."

28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 153 (1982). For the reasons outlined below, none of Petitioner's claims justify relief.

## A. Timeliness

In addressing petitioner's § 2255 motion, the Court first finds it appropriate to address the timeliness of Petitioner's claims. Petitioner's motion is dated April 25, 2018 and was filed with the Court on May 4, 2018 [Doc. 1]. The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(1), (f)(3).

When a defendant does not file a direct appeal, conviction becomes final "upon the expiration of the period in which [Petitioner] could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Here, that was

3

fourteen days after the judgment was entered on February 25, 2016 [Doc. 117]. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner's conviction thus became final on March 10, 2016, and his § 2255 motion would be due one year later on March 10, 2017.

Under the third provision, the statute of limitations may commence on the date a right has been newly recognized by the Supreme Court and made retroactive. However, Petitioner has not cited any Supreme Court case that raise new legal arguments which may apply to his case. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) ("[A] claim for habeas relief is more than the talismanic force of a new case name."). Having filed the motion on May 4, 2018, Petitioner's motion is untimely. Even if it were filed within the statute of limitations, the claims must still be rejected.

**B.  Career Offender Classification**

Petitioner argues that he no longer qualifies as a career offender because his predicate offenses are not crimes of violence [Doc. 1 p. 10]. However, Petitioner's claim is both waived and procedurally defaulted.

Petitioner's plea agreement makes two exceptions to his collateral attack waiver for prosecutorial misconduct and ineffective assistance of counsel [Doc. 12 ¶ 10(b)]. A "defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). The Sixth Circuit has held that a defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). "[W]here developments in the law later expand a right that a defendant

4

has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005). "To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Petitioner here has not made any allegations that the waiver was not made knowingly or voluntarily. His waiver is therefore valid, and his challenge to the career offender classification has been waived.

Further, the claim is procedurally defaulted. Arguments related to sentencing that are not raised on direct appeal may not be raised for the first time in a § 2255 motion unless Petitioner can show "cause" and "actual prejudice" or show "actual innocence." *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011). Petitioner did not file a direct appeal here and makes no effort to make a showing that would excuse procedural default.

Accordingly, Petitioner's challenge to his career offender classification is both waived and procedurally defaulted.

### C. Ineffective Assistance of Counsel

Petitioner asserts an ineffective assistance of counsel claim for failure to file a direct appeal [Doc. 1 p. 7]. Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria in either order. First, a petitioner must

establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*).

"[A]n attorney is per se ineffective if she disregards a defendant's express instructions to file an appeal." *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). Additionally, an attorney must consult with a defendant if a rational defendant would want to appeal or when that defendant reasonably demonstrated interest in appealing. *Id.* Petitioner does not allege any facts in support of a direct request that counsel file or discuss pursuing an appeal. The evidence weighs against a rational defendant wanting an appeal, as Petitioner had pleaded guilty, indicating that Petitioner sought an end to judicial proceedings, and the appeal waiver significantly reduced the scope of potentially appealable issues. *Flores-Ortega*, 528 U.S.

at 480. Petitioner is therefore unable to show that his attorney's performance was constitutionally ineffective, and this claim is rejected as meritless.

## III. Conclusion

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, his motion to vacate, set aside or correct his sentence [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE